UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LINDA LEE LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-164-TAV-HBG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This case is before the Court on plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 8, 9] and defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14, 15]. Linda Lee Lane ("plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will grant plaintiff's motion and deny the Commissioner's motion.

**I.  Procedural History**

Plaintiff filed an application for supplemental security income ("SSI"), claiming a period of disability which began April 1, 2012 [Tr. 134-39]. After her application was denied initially and upon reconsideration, plaintiff requested a hearing before an ALJ [Tr.

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

104-06]. On April 30, 2013, a hearing was held before the ALJ to review the denial of plaintiff's claim [Tr. 32-66]. On July 22, 2014, the ALJ found that plaintiff was not disabled [Tr. 16-27]. The Appeals Council denied plaintiff's request for review [Tr. 5-9]. Thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted her administrative remedies, plaintiff filed a Complaint with this Court on April 11, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner and whether the ALJ's findings are supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or

whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**III. ANALYSIS**

This case involves an application for SSI benefits. To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

> cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. § 416.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her*

4

*v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, plaintiff alleges that the ALJ committed reversible error by failing to acknowledge the opinion of nonexamining state agency physician, Susan Warner, M.D. [Doc. 9 at 6-7]. Plaintiff additionally alleges that the RFC determination is not supported by substantial evidence because the ALJ did not explain what evidence supports the RFC findings and also fails to cite any substantial evidence for rejecting all of the medical opinions of record [*Id.* at 7]. The Court will address each alleged error in turn.

### A. Nonexamining State Agency Physician, Susan Warner, M.D.

Relying on Social Security Ruling 96-6p, plaintiff argues that the ALJ was required, but failed, to consider and explain the weight given to the opinion of Dr. Warner [Doc. 9 at 7]. Plaintiff submits that the omission is significant because the exertional limitations opined by Dr. Warner are the only limitations assessed by a medical source of record that most closely mirror the limitations included in plaintiff's RFC [*Id.* at 7]. However, plaintiff submits that additional nonexertional limitations opined by Dr. Warner—specifically, the ability to reach overhead, push, pull, and operate hand controls—would affect plaintiff's ability to work [*Id.*]. Therefore, plaintiff asserts that remand is necessary so that the ALJ can determine what weight Dr. Warner's opinion is due and the effect, if any, the nonexertional limitations would have upon plaintiff's ability to perform work [*Id.*].

The governing regulations mandate that while an ALJ is not bound by the opinions of state agency medical physicians, the ALJ must consider their findings and opinions as

they are highly qualified medical specialists who are also experts in social security disability evaluation. 20 C.F.R. § 416.927(e)(3)(i). In fact, absent an opinion from a treating physician garnering controlling weight, the ALJ "must explain in the decision the weight given to the opinions of a State agency medical . . . consultant." *Id.* at § 416.927(e)(3)(ii). Social Security Ruling 96-6p echoes this mandate, stating that opinions from state agency physicians "must be treated as expert opinion evidence" and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions." 1996 WL 374180, at *1 (July 2, 1996).

Dr. Warner rendered her opinion on January 24, 2013 [Tr. 72-74]. Based on her review of the record, Dr. Warner opined that plaintiff could lift or carry up to 20 pounds occasionally and up to 10 pounds frequently; she could stand, walk, or sit for about six hours in an eight-hour workday; she could push and pull with her upper extremities occasionally; she could reach in any direction (including overhead) occasionally; she could handle with her left hand frequently; and she could never climb ladders, ropes, or scaffolds [Tr. 73-74]. In the ALJ's decision, the ALJ determined that plaintiff could perform light work, [2] except that plaintiff is limited to frequent reaching above shoulder level and handling with the left upper extremity [Tr. 21]. The ALJ's decision does not discuss Dr.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967. An inability to ascend or descend poles and ropes has very little to no effect on the unskilled light occupational base. Soc. Sec. Rul. 8314, 1 983 WL 31254, *5 (Jan. 1, 1983).

6

Warner's opinion and consequently does not explain the weight, if any, given to the opinion.

The Court finds that the ALJ erred by failing to weigh Dr. Warren's opinion and explain the weight the opinion is due. Because there was no treating physician opinion, the ALJ was required to explain in the decision the weight given to Dr. Warner's opinion. The Court is cognizant that most of the limitations assessed by Dr. Warner do not conflict with plaintiff's RFC for light work [*Compare* Tr. 21 *with* Tr. 72-74]. However, Dr. Warner's limitation of occasional pushing, pulling, and reaching overhead were not included in plaintiff's RFC and the reaching limitation, at least, is directly at odds with the ALJ's determination that plaintiff could frequently reach above shoulder level. The disparity between the non-exertional limitations assessed by Dr. Warner and the ALJ's findings that plaintiff can frequently reach overhead is significant because during the administration hearing, a vocational expert ("VE") testified that a claimant's use of the dominant hand must transcend occasional use in order to perform medium or light exertional work [Tr. 61]. In other words, Dr. Warner's limitation of occasional pushing, pulling, and reaching overhead would erode the occupational base for light and medium work.

The Commissioner concedes that the ALJ did not explicitly discuss Dr. Warren's opinion but contends that the error was harmless because the ALJ's procedural lapse did not prejudice plaintiff on the merits or deprive her of a substantial right [Doc. 15 at 18]. Indeed, an ALJ's violation of the Social Security Administration's procedural rules is

deemed harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses."  *Wilson*, 378 F.3d at 546-47.  Thus, the Court may decline to reverse and remand the Commissioner's determination if it finds that the ALJ's ultimate decision is supported by substantial evidence and the error did not deprive plaintiff of an important benefit or safeguard.  *See id.* at 547.  The Commissioner maintains that the ALJ's decision demonstrates that Dr. Warner's opinion was implicitly considered by the ALJ and that the ALJ's decision is nonetheless supported by substantial evidence.  The Court, however, is not persuaded by the Commissioner's arguments.

The Commissioner asserts that the Court can infer that the ALJ considered Dr. Warner's opinion because the ALJ's decision cites to Exhibit 1A where the opinion is located in the record [Doc. 15 at 19] (citing Tr. 19).  The ALJ's citation to Exhibit 1A, however, is in reference to the ALJ's finding that plaintiff's anxiety disorder was a non-severe impairment [Tr. 19].  In this regard, the ALJ relied on an opinion from a state agency psychological consultant whose opinion is located in Exhibit 1A [Tr. 19, 71].  For the Court to conclude that the ALJ must have then considered Dr. Warner's opinion simply because the opinion, along with other evidence, is located within the same record is more than an inference and requires speculation on the Court's part.  Moreover, 20 C.F.R. § 416.927(e)(3)(ii) and Social Security Ruling 96-6p require that the ALJ explain, not merely consider, the weight given to Dr. Warner's opinion.

8

Similarly, the Commissioner submits that the Court can infer that the ALJ considered Dr. Warner's opinion from the language used during the administrative hearing and in the portion of the ALJ's decision that discusses a subsequent physical RFC assessment conducted by a second state agency physician, Christopher Fletcher M.D. [Doc. 15 at 19]. During the hearing, the ALJ commented that plaintiff's claim had already by denied at "other levels," and in the decision, the ALJ referred to Dr. Fletcher's opinion as "the most recent" physical RFC assessment [Tr. 23, 34]. The Commissioner's reasoning, however, ignores that "the ALJ is required to state 'specific and legitimate' reasons to explain why [her] conclusions outweigh [Dr. Warner's] opinion." *Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (citations omitted).

The Commissioner further contends that the limitation of occasional reaching overhead was submitted to the VE and therefore, it can again be inferred that the ALJ considered the impact of the limitation as opined by Dr. Warner [Doc. 15 at 19-20] (citing 61). While the VE was asked to consider the limitation, the limitation was presented in connection with a hypothetical that limited the Plaintiff to medium work as opined by Dr. Fletcher [Tr. 61, 86-88]. Thus, it is not clear that the ALJ considered Dr. Warner's opinion, and perhaps if she had, the fact that two medical sources reached the same overhead reaching limitation could have persuaded the ALJ to find the limitation was well supported.

*See* 20 C.F.R. § 416.927(c)(2-3) (the better supported and more consistent an opinion is with the record, the more weight the opinion deserves).[3]

The Court reiterates that its job upon review of the ALJ's decision is to determine whether the decision was in accordance with the procedure mandated by the regulations and agency rulings and whether the ALJ's findings are supported by substantial evidence. The Court declines to affirm a decision that requires speculation on the Court's part as to whether the ALJ considered a medical opinion she was required to weigh. *See Hurst v. Secretary of Health and Human Servs.,* 753 F.2d 517, 519 (6th Cir. 1985) ("It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.") (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)). Accordingly, the ALJ's failure to

---

[3] The Court is also not persuaded by case law relied on by the Commissioner for the proposition that the ALJ's opinion can be read to have implicitly considered Dr. Warner's opinion [Doc. 15 at 19-20]. In *Durio v. Comm'r of Soc. Sec.*, 82 F.3d 417 (6th Cir. 1996), the Court found that the ALJ did not ignore a physician's opinion where the ALJ specifically relied on findings made by the doctor. Here, the ALJ did not discuss findings made by Dr. Warner such that it could reasonably be inferred that her opinion was considered. In *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010), while the ALJ did not discuss a particular limitation opined by a psychiatrist, the ALJ did reference specific findings made in the psychiatrist's notes such that it was unlikely that the ALJ did not consider the entirety of the psychiatrist's treatment records. The ALJ in the present matter, however, did not make reference to any specific finding made by Dr. Warner to then allow the Court to conclude that the opinion must have been considered. Lastly, in *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001), the Court concluded that the ALJ's failure to cite to a physician's opinion did not require remand because (1) the opinion was not based on objective or current evidence but, instead, a summary of the claimant's medical history that predated the alleged period of disability, and (2) the ALJ adopted VE testimony that considered the limitations at issue and found that work existed for a claimant with said limitations. In contrast, here, Dr. Warner's opinion was based on a review of the record, *i.e.*, current and relevant evidence, and although her limitation of occasional reaching was considered by the VE, the ALJ rejected the VE's testimony in this regard.

articulate clear consideration of Dr. Warner's opinion and explain the weight given to the opinion, particularly where the opinion is favorable to plaintiff and could therefore affect the decision for an award of benefits, is not harmless. The Court finds plaintiff's assignment of error in this regard is well-taken, and the Court will order that the case be remanded to the ALJ to assess Dr. Warner's opinion.

### B. RFC Determination

Next, plaintiff argues that the overall RFC determination is not supported by substantial evidence. Plaintiff submits that the ALJ did not cite to any substantial evidence that supports the RFC determination or the rejection of every medical opinion of record [Doc. 9 at 7-11]. Because the ALJ did not accept any medical opinion, plaintiff contends that the ALJ should have developed the record further but instead improperly substituted her own medical expertise for the opinions of trained medical experts [*Id.* at 8-10].

"The determination of a claimant's [RFC] is a determination based upon the severity of his medical and mental impairments." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Therefore, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. Feb. 9, 2007).

The ALJ is responsible for making an RFC determination after reviewing all the relevant evidence in the record. *Rudd v. Comm'r of Soc. Sec.*, No. 12-6136, 2013 WL 4767020, at *8 (6th Cir. Sept. 5, 2013). This includes a review of both medical and non-medical evidence. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. Aug. 18, 2009). A court will not disturb an ALJ's RFC determination so long as the finding is supported by substantial evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Here, the ALJ determined that plaintiff could perform light work except that she could frequently reach above shoulder level and handle with the left upper extremity [Tr. 21]. In reaching this conclusion, the ALJ considered, among other evidence, the opinion of consultative examiner, Robert Blaine, M.D., plaintiff's treating nurse Practioner, Anita Rowland, and nonexamining state agency physician, Dr. Fletcher [Tr. 22-23]. The opinion offered by Dr. Blaine, who limited plaintiff to sedentary work, was given little weight by the ALJ because no objective evidence was found to support the opinion and it therefore appeared to be based on plaintiff's subjective allegations [Tr. 22, 279-80]. The ALJ likewise assigned little weight to the opinion of Ms. Rowland who found that plaintiff could perform less than sedentary work [Tr. 23, 304-05]. The ALJ found that Ms. Rowland's opinion was not supported by objective evidence or Ms. Rowland's own treatment notes [Tr. 23]. Finally, the ALJ gave little weight to the opinion of Dr. Fletcher who opined that the Plaintiff could perform medium work with occasional overhead reaching and handling [Tr. 23, 86-88].

As an initial matter, the Court addresses plaintiff's contention that the ALJ should have developed the record further due to rejecting every opinion offered by a medical source in this case. First, the Court observes that the ALJ alone is tasked with assessing a claimant's RFC, 42 U.S.C. § 423(d)(5)(B), 20 C.F.R. § 404.1546(c), based on "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)," Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "The Sixth Circuit has repeatedly upheld ALJ decisions where the ALJ rejected medical opinion testimony and determined RFC based on objective medical evidence and non-medical evidence." *Henderson v. Comm'r of Soc. Sec.*, No. 1:08 CV 2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (rejecting the argument that an ALJ's RFC determination must be based on a medical advisor's assessment). "Although the RFC must be supported by evidence of record, it need not correspond to, or even be based on any specific medical opinion." *Simon v. Comm'r of Soc. Sec.*, No. 2:16-CV-259, 2017 WL 1017733, at *6 (S.D. Ohio Mar. 16, 2017); *see Thomas v. Comm'r of Soc. Sec.*, No. 11-15450, 2013 WL 1250721, at *4 (E.D. Mich. Feb. 25, 2013) ("The determination of an individual's RFC need not be based on a medical opinion because it is a determination reserved to the ALJ as fact-finder for the Commissioner."), *adopted by*, No. 11-CV-15450, 2013 WL 1250649 (E.D. Mich. Mar. 26, 2013), *aff'd*, 550 F. App'x 289 (6th Cir. 2014). Therefore, an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a RFC. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

Second, an ALJ only has a duty to develop the record further when "the evidence in [the] case record is insufficient or inconsistent." [4] 20 C.F.R. § 416.920b. As cited by plaintiff, "the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence . . . triggers the ALJ's duty to conduct an appropriate inquiry." *Strang v. Comm'r of Soc. Sec.*, 611 F. App'x 271, 276 (6th Cir. 2015) (quoting *McLeod v. Astrue*, 640 F.3d 881 (9th Cir. 2011)). In the present matter, however, the ALJ did not find, and the record does not demonstrate, that the evidence was insufficient or inconsistent such that the ALJ could not make a determination on the record before her. Ultimately, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912(d), 416.913(d)). Here, plaintiff would have the ALJ develop the record further simply because she did not rely on any one opinion to support her RFC determination. But as discussed above, the ALJ was not required to base her RFC finding on a medical source's opinion.

---

[4] Evidence is insufficient, according to the regulations, "when it does not contain all the information we need to make our determination or decision." 20 C.F.R. § 416.920(b). Inconsistent evidence, on the other hand, is evidence that "conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques." *Id.*

Thus, the issue before the Court is whether the evidence the ALJ cited and relied on is substantial evidence supporting an RFC of light work with the additional limitation of frequent reaching over the shoulders and handling with the left upper extremity. In the disability determination, the ALJ found that imaging studies and examination findings did not support limitations beyond those accounted for in plaintiff's RFC [Tr. 23]. The ALJ noted that a September 2012 MRI revealed only mild degenerative changes with mild disc bulging and stenosis, but no definitive herniation [Tr. 22, 321-22]. As to examination findings, the ALJ cited to an emergency room record from August 2012 in which plaintiff demonstrated normal range of motion of the extremities and limited range of motion of the back but with no tenderness [Tr. 22, 252.]. The ALJ also noted that during the consultative examination with Dr. Blaine, plaintiff demonstrated normal gait and station, tandem walk, heel and toe walk, single leg stand, and an ability to squat halfway into the floor, get on and off of the examination table without difficulty, and did not require the use of an assistive device for ambulation [Tr. 22, 280]. The ALJ concluded that "[t]hese findings are all inconsistent with the allegations of 'disabling' back pain with dysfunction of the upper and lower extremities and problems with standing and walking" [Tr. 22].

Given the ALJ's reliance on the foregoing evidence, the Court finds that substantial evidence does not support the ALJ's finding that plaintiff can frequently reach overhead. Plaintiff cites to treatment records from Ms. Rowland that document persistent complaints

of left shoulder weakness[5] and reduced range of motion, as well as the medical opinions of record which assess greater reaching limitations than found by the ALJ [Doc. 9 at 9]. Indeed, plaintiff consistently reported left shoulder pain that caused numbness in the arm and reduced range of motion. [Tr. 324-27, 281-89]. Ms. Rowland noted the same upon examination and assessed severe left shoulder pain and chronic cervicalgia, as well as a possible diagnosis of frozen shoulder [*Id.*]. Dr. Blain likewise assessed cervical pain and noted upon examination that the Plaintiff had diminished sensation, grip strength, and flexor and extensor strength of the left hand [Tr. 280]. Moreover, while the state agency physicians disagreed whether plaintiff was capable of medium or light work, they agreed that based upon the record, which included a review of Ms. Rowland's treatment notes and opinion as well as Dr. Blaine's consultative examination and opinion, that plaintiff could only occasionally reach overhead [Tr. 74, 87]. The only medical evidence cited by the ALJ that is at odds with the foregoing is the single emergency room record from August 2012

---

[5] Plaintiff's brief states that while the ALJ cited to a lack of diagnosis for plaintiff's shoulder problems, the law requires "medical signs and findings established by medically acceptable clinical or laboratory techniques to establish an impairment," not a diagnosis [Doc. 9 at 10] (quoting 42 U.S.C. § 423(d)(5)(A). The Commissioner treats this statement as a challenge to the ALJ's step two finding—that is, whether the ALJ properly found plaintiff's shoulder condition was a non-severe impairment [Doc. 15 at 4-7]. The Court finds that it need not engage in an analysis regarding the ALJ's step two finding. First, plaintiff's statement was made in the context of whether her shoulder condition was properly considered in the RFC portion of the ALJ's decision. Second, the ALJ's failure to find plaintiff's shoulder impairment severe at step two is legally irrelevant where, here, the ALJ found other impairments severe, continued the disability determination, and considered non-severe impairments at subsequent steps of the disability determination. *See Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'") (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)).

in which plaintiff demonstrated normal range of motion of the extremities upon examination. In the face of numerous medical records and opinions that demonstrate greater restrictions with plaintiff's upper extremities, the Court cannot conclude that a single emergency room visit is substantial evidence that permits the ALJ to depart from other substantial evidence in the record. *See Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Moreover, the failure to consider and weigh Dr. Warner's opinion further undermines the supportability of the ALJ's determination that plaintiff is capable of frequent overhead reaching.

In short, the Court finds that the discussion of the medical evidence and reasons for rejecting the medical opinions of record reflect findings regarding plaintiff's ability to perform other activities, but do not offer any insight as to how the ALJ arrived at the conclusion that the Plaintiff could frequently reach overhead. Where numerous treatment records document pain and medical sources opine occasional overhead reaching at best, the ALJ has not provided a reasoned explanation why plaintiff's reaching is less restrictive than found by every other medical source of record. While the ALJ may certainly depart from a medical opinion in assessing a plaintiff's functional capabilities, the ALJ may not draw conclusions without citing to substantial evidence in support.

Therefore, the Court finds plaintiff's second allegation of error is well-taken to the extent that the ALJ shall reconsider plaintiff's ability to reach overhead.

IV. **CONCLUSION**

Based upon the foregoing, the Court will **GRANT** plaintiff's Motion for Judgement of the Pleadings [**Doc. 8**] and **DENY** the Commissioner's Motion for Summary Judgment [**Doc. 14**]. The decision of the Commissioner will be **REMANDED** to the ALJ to weigh Dr. Warner's opinion and reconsider plaintiff's ability to reach overhead.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE